The Honorable Brad W. Butler Prosecuting Attorney 19th Judicial District Benton County Courthouse 100 Northeast "A" Street Bentonville, Arkansas 72712
Dear Mr. Butler:
This is in response to your request for an opinion concerning the exemption from payment of taxes on personal property and the homestead of certain disabled veterans. Specifically, your question is as follows:
 If an individual qualifies for a veteran's exemption and subsequently transfers ownership of his or her possessions to a trust, do the homestead and personal property remain exempt? In other words, does the veteran's claim to a tax exemption transfer to the trust when the possessions are transferred to the trust? Would there be instances where the exemption would apply and instances where the exemption would not apply?
It is my opinion, in response to your question, that if, as you have stated, the veteran has "transfer[red] ownership" of his personal property and homestead to the trust, he or she will not still be able to claim the exemption allowed at A.C.A. § 26-3-306 (Repl. 1992). If the veteran cannot be said to "own" either the legal or equitable title to the property in the trust, as your question suggests, it is my opinion that he or she may not claim the veteran's exemption. The question of whether "ownership" of the property has in fact been transferred, will be a fact question in each instance, and thus the answer to the second part of your question is "yes," there may be instances in which the exemption would apply and instances in which it would not apply.
The relevant statute is A.C.A. § 26-3-306 (Repl. 1992),[1] and it provides in pertinent part as follows:
 (a)(1)(A) A disabled veteran who has been awarded special monthly compensation by the Department of Veterans Affairs for the loss of, or the loss of use of, one (1) or more limbs, or total blindness in one (1) or both eyes, or for service-connected one hundred percent (100%) total and permanent disability shall be exempt form payment of all state taxes on the homestead and personal property[2] owned by the disabled veteran. . . . [Emphasis added.]
The statute above exempts the homestead and personal property "owned" by the disabled veteran.[3] The question of "ownership" is therefore the crucial determinant in answering your question. You have not indicated whether the veteran in your example, in "transferring" his or her property to a trust, becomes trustee of the trust or otherwise retains any powers of revocation over the trust. These factors, including other factors surrounding the exact nature of the interest and powers retained by the veteran with respect to the trust, will impact on the question of whether the veteran "owns" the property which is the subject of the trust. The Arkansas Supreme Court has, according to my research, never addressed the question of whether equitable or legal title or both is necessary in order to "own" property for purposes of a tax exemption. A trustee, for example, may in some circumstances hold legal title, while the beneficiaries hold the entire equitable title. In some circumstances the settlor (veteran) may retain some equitable title in the trust assets. Courts of other jurisdictions appear to be divided on the question, according to the language of their own particular statutes and the facts at hand. It is impossible to me to predict with any certainty, therefore, how the Arkansas Supreme Court would rule on the issue. I must conclude that each situation will turn upon its particular facts and the nature of the trust, and the relationship of the veteran to the trust. If the veteran can be said to "own" the personal property and "homestead," he or she may be entitled to the benefit of the exemption. See also Ops. Att'y Gen. 93-438 and 93-385 (copies enclosed).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It should be noted that this office has been constrained to conclude that this exemption is constitutionally suspect under Arkansas Constitution, art. 16, §§ 5 and 6. See Op. Att'y Gen. 91-265.
[2] It should be noted that Amendment 71 to the Arkansas Constitution, which was adopted after the passage of the veteran's tax exemption statute (§ 26-3-306), constitutionally exempts certain household items of personal property from taxation.
[3] Your question does not appear to involve a situation where the veteran is deceased and it is the spouse and/or minor children who are entitled to the benefit of the exemption. See A.C.A. §§ 26-3-306
(a)(1)(B)(i) and (ii).